On Rehearing.
 

 O’NIELD, C. J.
 

 D. D. Dodd sued J. C. Hor-an, a stave manufacturer, for $350, claimed as the balance of a monthly salary for services rendered in the stave mill. Dodd claimed a lien on the staves manufactured during the term of his employment, and had 63,100 of them provisionally seized, under the provisions of Act 23 of 1912, p. 30. The statute gives to all managers, mechanics, and laborers employed in a sawmill, stave mill, etc., a lien or privilege on the lumber, staves, etc., manufactured in the mill, to secure the payment of. their salaries or wages.
 

 The Beeson-Moore Stave Company intervened and opposed the seizure, claiming that the company had bought the staves from Horan without knowledge of the claim of Dodd, and averring that Dodd was employed only as a bookkeeper by Horan and therefore had no lien on the staves. After trial of the case, the district court found that the stave company had not bought the staves, but had merely advanced money to Horan to enable him to manufacture them; and the court decided that Dodd had a lien on the staves to secure the payment of the $350 due him .on his salary. The court therefore rendered judgment against the stave company, rejecting its intervention and opposition, and gave judgment against Horan and in favor of Dodd for the $350, and recognized Dodd’s lien on the staves and ordered them sold to satisfy the judgment. The stave company appealed from the decision to the Court of Appeal. Horan did not appeal. The Court of Appeal (121 So. 323) decided that Dodd was employed only as bookkeeper at the mill, and therefore had no lien on the staves; hence the court annulled the decree that Dodd had a lien on the staves, and ordered the staves released' from the provisional seizure. The court did not, in terms, either affirm or annul the judgment of the district court rejecting the intervention and opposition of the stave company for want of ownership of the staves.
 

 
 *891
 
 Dodd' filed' a petition for a reliearing, contending tliat tiie court had affirmed the judgment declaring that the stave company did not own the staves, and that, inasmuch as Horan had not appealed from the judgment against him and in favor of Dodd, for the $350, with recognition' of a'lien on Horan’s staves, the Court of Appeal was without authority to reverse the judgment which the district court had rendex’ed in favor of Dodd and against Horan, and which the stave company was held to have no interest in. The Court of Appeal refused to grant a rehearing (122 So. 140), on the ground that the point raised m the application for a rehearing was not made until the court had decided the ease. In a statement per curiam, giving the reasons for refusing to grant a rehearing, the ■court • said: “The lower court rejected in-tervener’s demands, holding, as we understand, that Horan is still the owner of the staves. We left the decision on that point undisturbed.” Prom that statement it might well be inferred that the Court of Appeal affirmed the judgment rejecting the intervener’s demand,- and holding that Horan was still the owner of the-staves.
 

 Our opinion is that the point made by Dodd in his petition for a rehearing was well founded, if in fact the Court of Appeal affirmed the judgment of the district court rejecting the demand of the stave company, as intervener, and holding that the company was not the owner of the staves. An intervener, or third opponent, claiming ownership of property seized as the property of another person, must prove his ownership and have it judicially established; otherwise he has no interest in complaining of the seizure of the property.
 

 The point which Dodd raised in his petition for a rehearing could not have been raised appropriately until the Court of Appeal, by its silence on the subject, seemed to affirm the decree that the stave company did not own the staves. The appeal of the stave company brought up for decision by the Court of Appeal, first, the question whether the stave company owned the. staves; and, second, if the court should decide that the stave company did own the staves, whether Dodd had a lien on them; and, third, if Dodd did' have a lien on the staves, whether the stave company bought them with or without knowledge of Dodd’s lien. If the Court of Appeal found that the stave company did not own the staves, the judgment condemning Horan to pay Dodd $350, and declaring that Dodd had a lien on the staves to secure the payment of the $350, was not subject to review, because Horan, who was then the only party having an interest in having the judgment reversed, did not appeal from it.
 

 The statement per curiam, in the reasons given by the Court of Appeal for refusing to grant a rehearing, indicate, as we have said, that the court affirmed the decree of the district court that the stave company did not own the staves; but an examination of the original opinion and decree of the Court of Appeal leaves us in doubt as to whether the court deemed it necessary to decide the question whether the stave company had bought the staves from Horan. Except for the statement of the Court of Appeal, in the refusal to grant a rehearing, that the court “left the decision on that point undisturbed,” we would infer from the court’s original opinion and-decree that the only matter which the court decided was that Dodd had no lien on the staves. We have concluded, therefore, to remand the ease to the Court of Appeal, with instructions to decide, if the court has not already decided, whether the judgment of the district court, declaring that the Beeson-Moore Stave Company did not buy the staves
 
 *893
 
 from Horan, should he affirmed or reversed. If the court affirms the judgment, or has affirmed it, in that respect, the court should not reverse the judgment condemning Horan to pay Dodd $350 and declaring that Dodd has a lien on the staves to secure the payment thereof; because, in that respect, the judgment of the district court is final if the stave company has no interest in having it reversed.
 

 This case is ordered remanded to the Court of Appeal, with instructions to decide, if the court has not already decided, whether the Beeson-Moore Stave Company, intervener, bought the staves which were seized as the property of J. C. Horan; and the Court of Appeal is instructed further to affirm the judgment of the district court in all respects if the Court of Appeal decides or has decided that the Beeson-Moore Stave Company did not buy the staves from Horan previous to the provisional seizure which was levied at the instance of the plaintiff, D. D. Dodd. The intervener, Beeson-Moore Stave Company, is to pay the costs of the present proceeding in this court; the question of liability for other court costs depends upon the final judgment to be rendered by the Court of Appeal.